## DICKINSON v. THORNTON N. MOTLEY CO.

(Supreme Court, Appellate Term.   November 10, 1904.)

1. CONTRACTS—AGREEMENT AS TO COLLECTIONS.

Under an agreement whereby defendant acknowledges receipt of money from plaintiff, in consideration of which it agrees to pay plaintiff a certain sum on the collection by it of notes of P., which it holds, it is not liable as for a collection of all the notes by allowing a renewal of them for the balance due on them after collecting a part of them.

Appeal from City Court of New York, Trial Term.

Action by Charles C. Dickinson against the Thornton N. Motley Company. From a judgment on a verdict directed for plaintiff and from an order denying a motion for a new trial, defendant appeals. Reversed.

Argued before FREEDMAN, P. J., and BISCHOFF, and FITZGERALD, JJ.

Luce & Davis, for appellant.
Herbert H. Walker, for respondent.

PER CURIAM.   This action was not brought to recover any sum of money which was originally due from the defendant to the plaintiff.   It is based entirely upon a certain contract, and upon that basis it was tried.   The most material parts of said contract are as follows:

"Received from Charles C. Dickinson $455.24, being the cash balance due us on the settlement arrived at this day between the said Charles C. Dickinson and the T. N. Motley Company, in relation to the National Pyrogranit Company, in consideration of the receipt of which sum we agree that we will pay to Charles C. Dickinson upon the collection by us of the four notes of the National Pyrogranit Company which we hold, the sum of $1230.89 &c. &c.

"[Signed]                        T. N. Motley Co.
"By T. N. Motley, Prest."

What the precise amounts of said notes were the evidence does not disclose, but it was clearly shown that they had not been collected, that only $472.09 had been collected on account of them, and that for the balance remaining due on them they had been renewed for a period of three months.   The action was brought and tried and decided upon the principle that as to the plaintiff the renewal of the notes was equivalent to collection.   This was erroneous.   There is nothing in the case from which it can be found that the original notes were surrendered upon their renewal.   The indebtedness which they represented was not paid, but simply continued.   There was no collection of the notes or of the debt which they represented, except a payment on account.   The contract upon its face shows that considerable latitude was permitted to the defendant in the matter of collecting the notes, because there is to be deducted from the $1,230.89 one-third of the cost of the collection of them.   The contract did not, as between the plaintiff and defendant, create the relation of principal and surety, or of maker and indorser, or of debtor and guarantor, or any other obligation except the obligation on the part of the defendant to pay upon

collection after deducting one-third of the expenses of collection. In a case of this kind there can be no equivalent of the collection of the notes unless the indebtedness represented by them was in some way satisfied. Upon a careful investigation of the authorities we have failed to discover a single case which sustains the contention of the plaintiff. For the reasons assigned, the plaintiff clearly failed to establish the cause of action alleged in his complaint, and the direction of a verdict in his favor constituted error.

The judgment and order should be reversed, and a new trial granted, with costs to the appellant to abide the event.